IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| WILLIE B. BOYD, JR., | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| CAROLYN W. COLVIN, Acting | * | No. 4:14CV00702-JJV |
| Commissioner, Social Security | * | |
| Administration, | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Willie Boyd, appeals the final decision of the Commissioner of the Social Security Administration denying his claims for disability insurance benefits under Title II of the Social Security Act and for supplemental security income benefits under Title XVI of the Act. For reasons set out below, the decision of the Commissioner is AFFIRMED.

**I.   BACKGROUND**

On October 31, 2011, Plaintiff protectively filed for benefits due to diabetes, heart problems, and fatigue. (Tr. 205) His claims were denied initially and upon reconsideration. At Plaintiff's request, an Administrative Law Judge ("ALJ") held a hearing on May 28, 2013, where Plaintiff appeared with his lawyer. At the hearing, the ALJ heard testimony from Plaintiff, his wife, and a vocational expert ("VE"). (Tr. 485-512)

The ALJ issued a decision on July 24, 2013, finding that Plaintiff was not disabled under the Act. (Tr. 48-57) The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (Tr. 3-6)

Plaintiff, who was forty-four years old at the time of the hearing, has a GED and past relevant work experience as a warehouse driver and a front-end loader operator. (Tr. 487, 505)

## II.  DECISION OF THE ADMINISTRATIVE LAW JUDGE[1]

The ALJ found that Plaintiff had not engaged in substantial gainful activity since May 11, 2011, and he had the following severe impairments: left shoulder pain, left leg pain, heart disease, and diabetes mellitus.  (Tr. 50)  However, the ALJ found that Plaintiff did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2]  (Tr. 50)

According to the ALJ, Plaintiff has the residual functional capacity ("RFC") to do sedentary work that involves only occasional climbing, balancing, stooping, bending, crouching, kneeling, and crawling.  (Tr. 51)  The VE testified that the jobs available with these limitations were fishing reel assembler and table worker.  (Tr. 507)  Accordingly, the ALJ determined that Plaintiff could perform a significant number of other jobs existing in the national economy, and found he was not disabled.

## III.  ANALYSIS

### A.  Standard of Review

In reviewing the Commissioner's decision, this Court must determine whether there is substantial evidence in the record as a whole to support the decision.[3]  Substantial evidence is "less than a preponderance, but sufficient for reasonable minds to find it adequate to support the

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

[3] *Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011); 42 U.S.C. § 405(g).

decision."[4]

In reviewing the record as a whole, the Court must consider both evidence that detracts from the Commissioner's decision and evidence that supports the decision; but, the decision cannot be reversed "simply because some evidence may support the opposite conclusion."[5]

**B.     Plaintiff's Arguments for Reversal**

Plaintiff asserts that the Commissioner's decision should be reversed because the ALJ: (1) relied on the fact that there were no physician-imposed restrictions; (2) erred in the RFC determination; and (3) improperly considered Plaintiff's smoking habit. (Doc. No. 14)

1.     Physician-imposed Restrictions

Plaintiff contends that the ALJ erred by relying on the fact that there were no physician-imposed restrictions related to his impairments.  Plaintiff's argument is without merit, because an ALJ may consider a lack of physician-imposed restrictions, along with the other evidence, when weighing the credibility of Plaintiff's claims.[6]

2.     RFC

Plaintiff contends that the RFC is incorrect because it failed to consider his shoulder limitations and his trouble with handling and/or fingering. (Doc. No. 16)  He relies on his own testimony as a well as a February 2012 exam.  The February 2012 exam noted limitations on the range of motion in his shoulders and issues with standing and walking. (Tr. 389) The doctor concluded that Plaintiff had "severe limitations" in his ability to "walk, stand, sit, lift, carry, handle,

---

[4]*Id*. (citing *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)).

[5]*Id*. (citing *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)).

[6]*Melton v. Apfel*, 181 F.3d 939, 941 (8th Cir. 1999) (finding that Plaintiff's testimony was "undermined by the lack of consistent treatment . . . and the lack of significant restrictions placed on his activities by his doctors.).

finger, see, hear, or speak, etc." Plaintiff also testified that he would have trouble gripping a phone and typing on the computer, and that all reaching causes pain. (Tr. 499-500)

As the ALJ found, the examining doctor's conclusions and Plaintiff's testimony were contradicted by the medical evidence as a whole. First, the examining doctor was not specific regarding which limitations were severe in the long list. (Tr. 391) This is critical because a finding of "severe limitations" with the ability to handle or finger is contradicted by the fact that, earlier in the report, the examiner found no limitation with Plaintiff's gripping, fingering, etc. (Tr. 390)

Second, other evidence in the record also supports the ALJ's conclusion. At physical exams in 2007 and 2010 the doctors noted some numbness in the fingertips, but found no limitations with Plaintiff's gripping, fingering, etc. (Tr. 317, 321, 353) At both exams, the range of motion limitations in the shoulders were minimal. (Tr. 320, 352) In 2007, the doctor concluded there would be only "mild limitation with lifting, carrying, and squatting repeatedly." (Tr. 323) In March 2010, the examining doctor concluded that Plaintiff had "moderate limitation lifting and carrying," but he noted that the conditions "likely would improve with better management of blood sugars." (Tr. 354) Additionally, there were no complaints of shoulder pain or finger numbness at visits in January, April, and November 2011 – each visit was a simple med check-up. (Tr. 372-379 )

In April 2012, a treating physician noted that Plaintiff had "normal range of motion." Though Plaintiff had some tenderness, it was in the lower left ribs, not the shoulders. (Tr. 427-428) Plaintiff also reported chest pain, but he had not taken his heart medications in over a month. (Tr. 428) Shoulder pain was not listed as an "active problem." (Tr. 431) Finally, in September 2012, the doctor noted "uncontrolled and poor compliance of diabetes." (Tr. 454)

Plaintiff also contends that if the ALJ had properly considered his left shoulder pain, he would not be able to do the jobs mentioned by the VE, because "both require 'frequent' . . .

4

reaching." Notably, the jobs do not necessarily require overhead reaching, and the only evidence that Plaintiff has reaching issues in all directions was his testimony, which, apparently, the ALJ considered exaggerated when weighed against the medical evidence.

Based on the issues mentioned above and the substantial evidence in the record as a whole, the ALJ weighed the credibility of Plaintiff's complaints when determining the RFC. First, as the ALJ noted, Plaintiff's impairments were controlled when he took his medications as prescribed.[7] (Tr. 53) Second, Plaintiff repeatedly had compliance issues with taking medication or following doctors' treatment plans.[8] Third, the ALJ noted that Plaintiff "sought very little medical attention" after cardiac issues – apparently related to not taking medications – in late 2012.[9] Finally, the ALJ noted that Plaintiff failed to lose weight, despite his treating physicians's directive. (Tr. 553, 372)

### 3. Smoking

Despite Plaintiff's argument to the contrary, smoking is a an expensive, ongoing habit that can be considered when weighing his credibility. Additionally, it is a habit that directly exacerbates Plaintiff's medical conditions. Yet, he has continued to smoke despite repeatedly being directed to stop by his treating doctors.

### IV. CONCLUSION

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is sufficient evidence in the

---

[7] *Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002) ("An impairment which can be controlled by treatment or medication is not considered disabling.").

[8] *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005) ("A failure to follow a recommended course of treatment . . . weighs against a claimant's credibility.").

[9] *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003) (An ALJ may weigh the credibility of a claimant's subjective complaints of pain by considering multiple factors, including whether or not the claimant seeks regular medical treatment.).

5

record as a whole to support the Commissioner's decision.

THEREFORE, the Court hereby affirms the final determination of the Commissioner and dismisses Plaintiff's Complaint with prejudice.

IT IS SO ORDERED this 1st day of July, 2015.

```
_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE
```